UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10459
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

$18,140.00 IN U.S. CURRENCY, ET AL.,

                                        Defendants,

and

DOUGLAS RAY DUNKINS, JR.,

                                        Claimant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(4:92-cv-0023)

_____

February 21, 1996
Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Douglas Dunkins appeals the district court's grant of summary

judgment in favor of the Government in this civil forfeiture

proceeding brought pursuant to 21 U.S.C. § 881(a)(6).  We affirm

for the following reasons.

---

[*]    Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

The instant forfeiture of proceeds from illegal drug sales pursuant to § 881(a)(6) does not constitute "punishment." United States v. Tilley, 18 F.3d 295, 297-300 (5th Cir.), 115 S.Ct. 573 (1994). Because there is no "punishment," there is no double jeopardy. Id.

The district court did not err in finding probable cause to believe that the property at issue was the proceeds of illegal drug transactions.

Dunkins' argument that he was deprived of a right to appeal to the district court is without merit because, through his attorney, Dunkins signed a form consenting to have a magistrate judge conduct any and all proceedings in his case.

We do not address Dunkins' argument that the district court erred in awarding costs because he failed to raise that contention in the district court.

Finally, Dunkins argues that he did not receive notice that the Government sought forfeiture of certain firearms seized from his home. Because the instant proceeding did not involve the forfeiture of any firearms, we are without jurisdiction to entertain this claim.

AFFIRMED.